## KRAUSE v. MATTHEWS.

APPEAL AND ERROR—BRIEFS—DELAY IN FILING—DISMISSAL.

1. Though the inability of a plaintiff in error to have the record
   made up, through the neglect of the district court stenog-
   rapher to transcribe the evidence, might have been good
   cause for an extension of time for filing brief, it will not
   excuse several months' delay in filing the same beyond the
   time prescribed by the rules, without an extension of time
   or an application therefor.

[Decided November 25, 1907.]                    (92 Pac., 388.)

ERROR to the District Court, Crook County, HON. CAR-
ROLL H. PARMELEE, Judge.

Heard on motion to dismiss.

*M. Nichols,* for plaintiff in error.

*Metz & Sackett* and *Van Cise & Grant,* for defendant in
error.

POTTER, CHIEF JUSTICE.

This cause was brought in this court by petition in error
filed July 23, 1906. At the April term, 1907, no briefs ap-
pearing on file, an order was entered to show cause why
the cause should not be dismissed. Thereafter, April 22,
1907, a written statement of counsel for plaintiff in error
was filed in response to said order, to the effect that the
failure to file and serve briefs had occurred through the
neglect of the district court stenographer to furnish a tran-
script of the evidence for incorporation in a bill of excep-
tions. On June 26, 1907, plaintiff in error filed briefs in
the office of the clerk, and July 1, 1907, a paper purporting
to be a bill of exceptions was also filed. Several other
original papers, with the journal entries, had been sent to
this court and filed July 31, 1906.

Several objections are urged to the bill of exceptions, but
it is not necessary to consider them. The cause must be
dismissed for the failure to comply with the rules as to
briefs. The inability to obtain the evidence so as to make

up a bill and have it allowed within the period prescribed for filing and serving briefs might have been good cause for an extension of time; and indeed we have extended the time on that ground in other·cases, where the party was not in fault. But it does not appear that any application for such an extension was made in this case. Instead of filing the briefs within sixty days after filing the petition in error, as required by the rules, the plaintiff in error permitted eleven months to elapse, without either filing or serving briefs, or applying for an extension of time therefor.

The motion to dismiss will be granted.

BEARD, J., and SCOTT, J., concur.